**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**STANLEY ARISTILDE, ESTATE EX. REL ARISTILDE, STANLEY IN PROPRIA PERSONA SUI JURIS; SUI HERDERES**

**Plaintiff,**

**- against -**

**EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP; and NEW YORK CITY, OFFICE OF THE COMPTROLLER,**

**Defendants.**

---

**25-cv-9658 (JGK)**

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

The plaintiff, Stanley Aristilde, brought this action against the defendants, Emery Celli Brinckerhoff Abady Ward & Maazel LLP ("Emery Celli") and the New York City Office of the Comptroller[1] (the "City"), alleging various causes of action. Mr. Aristilde alleges that Emery Celli, in its capacity as class

[1] The New York City Office of the Comptroller is an agency of the City of New York and is therefore not a suable entity. See N.Y.C. Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency of the City."). Construing Mr. Aristilde's pro se pleadings liberally, the Court assumes that he intends to sue the City of New York itself, and refers to that defendant as "the City" throughout. See Alleva v. N.Y.C. Dep't of Investigation, 696 F. Supp. 2d 273, 276 n.2 (E.D.N.Y. 2010) ("When claims are brought against non-suable entities, the Court may construe them as brought against the City of New York."). The distinction does not affect the outcome, because the claims fail for the reasons explained below.

counsel in Jones v. City of New York, No. 17-cv-7577 (S.D.N.Y.), engaged in attorney misconduct by agreeing to a settlement that unfairly benefited class counsel at the expense of absent class members. See Pl.'s Compl. ("Compl.") at 1–5, ECF No. 1. Against the City, Mr. Aristilde alleges fraud, misrepresentation, and embezzlement. See Pl.'s Am. Compl. ("Am. Compl.") at 1, ECF No. 39. On May 4, 2026, Emery Celli and the City moved to dismiss Mr. Aristilde's original and amended complaints for failure to comply with Federal Rule of Civil Procedure 8(a) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] Emery Celli Mot. Dismiss, ECF No. 45; City Mot. Dismiss, ECF No. 48.

Mr. Aristilde challenges the settlement of a Section 1983 class action that was brought on behalf of plaintiffs who were unreasonably detained by the Department of Correction after posting bail during the period from October 4, 2014 through October 21, 2022. The action was settled for a total amount of over $142 million on behalf of a class of over 70,000 members with only six requested exclusions and two objections. The attorney's fee award was only slightly more than five percent of the total settlement. Mr. Aristilde, who objected to the settlement but cashed his own settlement check, now argues that

---

2 Aristilde's amended complaint expressly incorporates by reference the allegations in his original complaint. Am. Compl. at 1 ("The 'statement of claim', 'facts', 'injuries' and 'relief' from 'Original Complaint' is annexed to herein full [sic]."). For the sake of simplicity, the Court refers to the combined allegations in the original complaint and the amended complaint simply as the "Amended Complaint."

the settlement amount was too low and that the fee award to Emery Celli was too high.

Mr. Aristilde's claims are barred and without merit. For the reasons explained below, the motions to dismiss are **granted**.

## I.

Unless otherwise noted, the following facts are taken from the Amended Complaint and the record in Jones v. City of New York, No. 17-cv-7577 (S.D.N.Y.) (the "Jones Litigation"), of which the Court takes judicial notice.

### A.

In October 2017, Emery Celli filed a class action complaint on behalf of the named plaintiffs and all other individuals who were detained in any New York City Department of Correction jail from October 4, 2014 through October 21, 2022, and who were not timely released after posting bail. See Jones Litigation, Compl., ECF No. 1. In October 2022, the plaintiffs in the Jones Litigation entered into a settlement agreement with the City to resolve the claims raised in the litigation (the "Settlement Agreement"). Jones Litigation, Settlement Agreement, ECF No. 175-1. Under the terms of the Settlement Agreement, each class member was entitled to $3,500 for each valid claim. Id. ¶ 95.

On December 1, 2022, this Court preliminarily certified a settlement class under Federal Rule of Civil Procedure 23(b)(3) in the Jones Litigation and appointed Emery Celli class counsel. Jones Litigation, Preliminary Approval Order ¶ 7, ECF No. 179. The Preliminary Approval Order appointed Rust Consulting, Inc. ("Rust") to serve as the claims administrator for the settlement

class. Id. ¶ 10. The Court ordered an extensive notice program to advise potential class members of the details of the settlement and the procedure for filing claims, raising objections, or opting out of the class. The Preliminary Approval Order explained that any objections to the Settlement Agreement, along with requests to be excluded from the settlement class, were due by June 6, 2023. Id. ¶¶ 22–23, 26–29.

On April 27, 2023, Rust received a letter from "Executor [sic]/Beneficiary" of the "Eng Legts Aristilde Stanley/Stanley Aristilde" purporting to be an objection to the settlement. See Jones Litigation, Decl. of Tiffaney Janowicz Supp. Mot. Final Approval of Settlement ("Janowicz Final Approval Decl."), Ex. 8, at 39–40, ECF No. 200-8. The letter stated, "I object to the settlement agreement," and requested a claim form.[3] Id. at 39. Rust then received a claim form by mail postmarked May 15, 2023, listing under "Claimant Identification" the information: "Stanley Aristilde Estate Ex. Rel. Aristilde Stanley." Id. at 35–37. Both the letter and the claim form listed "Stanley Aristilde Estate" as the sender. Id. at 37, 39.

The Settlement Agreement provided that the estate of a deceased class member could recover the deceased class member's share of the settlement by having the estate's legal representative file a claim, provide the class member's death certificate, and submit proof of status as legal representative to the estate. See Settlement Agreement ¶ 100. Because the April 27, 2023 letter

---

[3] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

purported to be from the "Executor/Beneficiary" of an estate, Emery Celli responded on May 26, 2023 by requesting that the sender submit the documentation required by the Settlement Agreement for those making claims on behalf of deceased class members. Jones Litigation, Decl. of Debra L. Greenberger Supp. Mot. Final Approval of Settlement, Ex. 4, ECF No. 199-4. Emery Celli explained that "[w]ithout documentation showing that" the sender of the April 27, 2023 letter was "properly the legal representative of Mr. Aristilde's estate," the sender could "not file an objection on behalf of Mr. Aristilde or his estate." Id.

On June 7, 2023, Emery Celli received a document titled "Probate Letter of Appointment," which was forwarded to Rust, apparently on behalf of Mr. Aristilde's estate. Id. at 7. On June 21, 2023, Emery Celli sent another letter to the individual purporting to act on behalf of the "Estate of Stanley Aristilde" explaining that the June 7, 2023 document was insufficient to demonstrate legal authority to act on behalf of Mr. Aristilde's estate. Id. at 9. Emery Celli received no further communication regarding Mr. Aristilde's estate.

**B.**

On July 11, 2023, this Court held a fairness hearing regarding the Settlement Agreement (the "Fairness Hearing") and issued an order approving the settlement that same day (the "Final Approval Order"). See Jones Litigation, Final Approval Order, ECF No. 208.

At the Fairness Hearing and in the Final Approval Order, this Court considered and overruled the objection "filed by someone saying they were acting on behalf of a class member with the initials S.A." Jones Litigation, Janowicz Final Approval Decl. ¶ 49. The Court overruled the objection on the ground that it was not filed by a class member or by an individual with legal authorization to act on behalf of a class member, and in any event was insufficiently detailed to be a persuasive objection to the settlement. Final Approval Order ¶ 12; Jones Litigation, July 11, 2023 Fairness Hearing Tr. 23:9–12, ECF No. 217. The Court entered a final judgment approving the settlement as fair, reasonable, and adequate on July 12, 2023, ECF No. 211, and a subsequent order approving attorney's fees for Emery Celli on August 28, 2023, ECF No. 222. Mr. Aristilde did not appeal.

**C.**

Although the April 27, 2023 objection and subsequent claim were submitted by a purported "Executor/Beneficiary" of the "Estate of Stanley Aristilde," the plaintiff in this case—Stanley Aristilde—is himself the living class member on whose behalf those filings purported to be made. On November 17, 2025, Mr. Aristilde filed a pro se complaint, initiating what he characterized as an "independent action . . . for remedies via rescission and voiding the contract to prevent unjust enrichment for attorneys acting [on] behalf of class member aristilde, stanley." Compl. at 5. Mr. Aristilde alleges that Emery Celli engaged in "misconduct by attorneys," "deceit or collusion with intent to deceive the court or any party," "dignitary harm," "assault," and "emotional

distress." Id. at 1–2. Mr. Aristilde's original complaint contains no allegations against the City. See id. at 5–6.

On February 10, 2026, Emery Celli sought leave to move to dismiss Mr. Aristilde's original complaint. ECF No. 26. This Court held a premotion conference on March 5, 2026, and granted Mr. Aristilde leave to file an amended complaint. ECF No. 36. On March 25, 2026, Mr. Aristilde filed the Amended Complaint, which contained largely the same allegations as the original complaint but added the City as a defendant and alleged that the City had committed "fraud, misrepresentation, and embezzlement." Am. Compl. at 1. On May 4, 2026, both Emery Celli and the City moved to dismiss the Amended Complaint for failure to comply with Rule 8 and for failure to state a claim under Rule 12(b)(6).

**II.**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Compliance with Rule 8 ensures that the adverse party has fair notice of the claim asserted and may accordingly answer and prepare for trial. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Courts may dismiss a complaint for noncompliance with Rule 8 when "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be

drawn in the plaintiff's favor. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While the Court should construe the facts alleged in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

Finally, when presented with a motion to dismiss a complaint, the Court may consider documents attached to or referenced in the complaint, documents the plaintiff relied on in bringing suit and either possessed or knew of, or matters of which judicial notice may be taken. See Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016).

Although the Court may dismiss a frivolous complaint, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). But the "special solicitude" in pro se cases, id. at 475, has its limits. To

state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure.

**III.**

**A.**

Emery Celli and the City first move to dismiss the Amended Complaint on the ground that it fails to comply with the requirements set forth by Rule 8. Although Mr. Aristilde is proceeding pro se, and thus the Court must construe his pleadings liberally, "the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." Harnage v. Lightner, 916 F.3d 138, 141 (2d Cir. 2019); see also Williams v. Giglio, No. 89-cv-3924, 1989 WL 151251, at *2 (S.D.N.Y. Dec. 4, 1989) ("[E]ven pro se complaints must satisfy the minimum pleading requirements of Rule 8(a) and provide some notice of plaintiff's claims."); Andrews v. Grillot, No. 22-cv-873, 2023 WL 5228179, at *2 (D. Conn. Aug. 15, 2023) ("Although a pro se complaint must be liberally construed to raise the strongest arguments it may suggest, pro se litigants are nonetheless obligated to comply with the minimal standards of notice pleading under Rule 8."). "The key to Rule 8(a)'s requirements is whether adequate notice is given." Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004) (per curiam).

Mr. Aristilde's pleadings, even construed liberally, largely fail to comply with Rule 8. Mr. Aristilde alleges that he is seeking relief "from long term retaliation campaign via weaponized interdependence" and "commercial belli(warfare)," Compl. at 5; that "the attorneys are liable for all damages caused by there conduct incl[uding] but not limited to aiding and abetting

privateers long term schemes against the Claimant/class member," id.; and that "the unlawful actions by shadow operatives to intimidate the unsatisfied class member after a message (voice message via class member toll free number to communicate with Administrator(s)) was left in reference to cash disbursement amount is also not confusing," id. (errors in original). These allegations are "so confused, ambiguous, vague, or otherwise unintelligible" that the Court cannot discern exactly what Mr. Aristilde alleges happened or how those allegations connect to his claims. Salahuddin, 861 F.2d at 42.

The closest Mr. Aristilde comes to pleading intelligible factual allegations is his assertion that "[u]nsatisfied Class Member is seeking a higher AWARD amount via rescission and voiding the contract to prevent unjust enrichment by attorneys acting behalf of class member aristilde, stanley." Am. Compl. at 1 (errors in original). Construing Mr. Aristilde's pleadings liberally to raise the strongest arguments they can support, the Court treats this allegation as a challenge to the adequacy of the class settlement in the Jones Litigation and the award of attorney's fees. For the reasons explained below in Section III.B, that argument fails on the merits.

Accordingly, the Amended Complaint fails to comply with Rule 8, except as to Mr. Aristilde's challenge to the class settlement and the award of attorney's fees in the Jones Litigation. All claims against the City and Emery Celli are **dismissed with prejudice** on that basis, other than the challenge to the class settlement and the award of attorney's fees, which are addressed below.

**B.**

Mr. Aristilde's challenge to the adequacy of his settlement payment and Emery Celli's representation in the Jones Litigation is barred and without merit.

As an initial matter, Mr. Aristilde was a member of the Jones settlement class who received notice of the proposed settlement and did not opt out. See Mar. 5, 2026 Conf. Tr. 11:9–16, ECF No. 37. "[A]ll members of [a] class . . . are bound by the judgment entered in the action unless, in a Rule 23(b)(3) action, they make a timely election for exclusion." Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 379 (1996). Mr. Aristilde is therefore bound by the Final Approval Order and the judgment entered in the Jones Litigation, including this Court's determinations regarding the fairness of the Settlement Agreement and the adequacy of Emery Celli's representation of the class. See Final Approval Order ¶¶ 3, 6–8, 10. An absent class member may collaterally attack a class judgment on the ground that he was not adequately represented, see Wolfert ex rel. Estate of Wolfert v. Transamerica Home First, Inc., 439 F.3d 165, 171–72 (2d Cir. 2006), but this Court considered that question in the Jones Litigation after a fairness hearing and made express findings under Rule 23(e)(2) that Emery Celli adequately represented the class, Final Approval Order ¶¶ 10–12. Mr. Aristilde pleads no facts calling those findings into question. Even treating the April 27, 2023 objection as his own, Mr. Aristilde could have appealed the approval order without first intervening. See Devlin

v. Scardelletti, 536 U.S. 1, 14 (2002). He did not, and the time to do so is long past.

In any event, Mr. Aristilde's objections to the adequacy of Emery Celli's representation and the fairness of the settlement are without merit. As this Court explained during the Fairness Hearing, the settlement was substantively fair. The class consisted of over 70,000 members, over forty-one percent of whom filed valid claims as of the time of the Fairness Hearing—a number the Court described as "stunning." Fairness Hearing Tr. 22:18–22. The total settlement value at the time of the Fairness Hearing was "over $142 million," which was "the largest settlement of a Section 1983 claim that the parties are aware of in the last ten years." Id. at 22:23–25. Only six class members requested exclusion and only two class members, including Mr. Aristilde, objected. Id. at 23:4–7. And class members received adequate notice about the settlement's terms, including how much Emery Celli could receive in attorney's fees. Final Approval Order ¶¶ 7–8. As this Court explained at the Fairness Hearing, the settlement is "plainly fair, reasonable and adequate," was "negotiated in a way that was procedurally fair," and "resulted in [a] substantively fair, reasonable, and adequate" award "taking into account all the relevant considerations." Fairness Hearing Tr. 22:10–15.

The Court also reviewed the fairness and adequacy of the requested amount in attorney's fees and found it to be both fair and reasonable. See Jones Litigation, Stipulation & Order of Settlement, ECF No. 222. The Settlement Agreement provided that Emery Celli could make an application for attorney's

fees and expenses up to a cap of the lower of (a) ten percent of the potential benefit to the class or (b) twenty-five percent of the actual benefit to the class. Settlement Agreement ¶ 79. The City ultimately agreed to pay $8,250,000 in full satisfaction of all claims for attorney's fees, costs, and expenses, separate and in addition to the amounts provided to pay claims to class members. Stipulation & Order of Settlement at 2–3. Moreover, the fee agreement lacked the kind of features that typically trigger concerns about collusion between class counsel and the defendants, such as a "clear sailing arrangement under which the defendant agree[d] not to challenge a request for an agreed-upon attorney's fees," or "kicker" or "reverter" clauses that return unawarded fees to the defendant rather than to the class. Briseño v. Henderson, 998 F.3d 1014, 1022–23 (9th Cir. 2021).

The total settlement award in the Jones Litigation at the time of the Fairness Hearing was $142 million whereas the award of attorney's fees was $8,250,000. The award of attorney's fees therefore amounts to slightly more than five percent of the total class settlement value and is plainly reasonable under the factors listed in Rule 23(e)(2); see also Fresno Cnty. Emps. Ret. Ass'n v. Isaacson/Weaver Fam. Tr., 925 F.3d 63, 72 (2d Cir. 2019) (affirming fee award of twenty-five percent of settlement fund). Mr. Aristilde has pleaded no factual allegations that would lead the Court to revisit the conclusion that the fee award was fair and reasonable. Mr. Aristilde's other claims based on the adequacy of the Settlement Agreement and the allocation of attorney's fees are therefore without merit.

Accordingly, Mr. Aristilde's challenge to the adequacy of the settlement and Emery Celli's representation of the class in the Jones Litigation is **dismissed with prejudice**, both because it is an impermissible collateral attack on a final judgment by which he is bound and because, in any event, it is without merit.

C.

Finally, Mr. Aristilde's remaining claims against the City and Emery Celli independently fail under Rule 12(b)(6) because Mr. Aristilde has pleaded no facts from which the Court could draw a reasonable inference that Emery Celli or the City is liable for any of the harms that Mr. Aristilde alleges he has suffered. He asserts generically that Emery Celli engaged in "attorney misconduct" and that the City engaged in "fraud, misrepresentation, and embezzlement." Compl. at 4–5; Am. Compl. at 1. But Mr. Aristilde fails to allege any specific conduct attributable to either the City or Emery Celli; he fails to identify when the alleged conduct occurred; and he fails to plead factual allegations supporting a reasonable inference that either defendant engaged in the alleged wrongdoing.[4]

---

[4] To the extent Mr. Aristilde claims unlawful tax collection or tax withholding, see Compl. at 1–2, that is not a claim against either Emery Celli or the City. The Settlement Agreement and final claim form, among other documents, clearly stated that class members may need to pay income taxes on their award, and that Rust was responsible for tax withholding if class members did not provide specific information. See Jones Litigation, Decl. of Tiffaney Janowicz Supp. Mot. Preliminary Approval of Settlement, Ex. D, ECF No. 176-4.

Instead, the Amended Complaint contains at most conclusory assertions of fraud and misconduct. But conclusory assertions do not suffice to state a claim upon which relief can be granted. See Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010). Even though Mr. Aristilde is a pro se plaintiff, he "is not excused from complying with procedural and substantive rules, and, to survive a motion to dismiss, a pro se complaint . . . must contain allegations that meet the plausibility standard discussed in Twombly and Iqbal." Van Hoven v. City of New York, No. 16-cv-2080, 2018 WL 5914858, at *5 (S.D.N.Y. Aug. 21, 2018).

Accordingly, the remaining claims against the City and Emery Celli are **dismissed with prejudice** on the independent ground that they fail to state a claim upon which relief can be granted.[5]

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendants' motions to dismiss are granted.

---

5 Mr. Aristilde requests that this Court appoint counsel for him pursuant to 28 U.S.C. § 1915(e)(1). "Broad discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). A key threshold consideration is "the merits of the [plaintiff's] claim." Id. "Even where the claim is not frivolous, counsel is often unwarranted where the [plaintiff's] chances of success are extremely thin." Id. Mr. Aristilde has shown no likelihood that his claims will succeed on the merits. Therefore, his motion for appointment of pro bono counsel is **denied**.

Mr. Aristilde's challenge to the adequacy of the class settlement and the award of attorney's fees to Emery Celli is **dismissed with prejudice**. Because that claim is an impermissible collateral attack on a final judgment that Mr. Aristilde did not appeal, the defect is substantive and no amendment could cure it. And the claim is without merit in any event. Leave to replead that claim is accordingly **denied as futile**.

Mr. Aristilde's remaining claims against the City and Emery Celli are **dismissed with prejudice** for failure to comply with Rule 8 and, alternatively, for failure to state a claim under Rule 12(b)(6). Mr. Aristilde has already been given an opportunity to amend his complaint. The second pleading was no more intelligible than the original, and Mr. Aristilde has alleged no factual basis for his claims. Granting Mr. Aristilde leave to amend would therefore be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

The Clerk is respectfully directed to enter judgment dismissing the Amended Complaint with prejudice. The Clerk is also respectfully requested to close all pending motions, to close this case, and to mail a copy of this Memorandum Opinion and Order to Mr. Aristilde.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum Opinion and Order would not be taken in good

faith, because such an appeal presents no non-frivolous issue. See Coppedge v. United States, 369 U.S. 438, 445 (1962).

**SO ORDERED.**

**Dated: New York, New York**
**July 28, 2026**

**John G. Koeltl**
**United States District Judge**