**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

STANLEY ARISTILDE, ESTATE EX. REL ARISTILDE, STANLEY IN PROPRIA PERSONA SUI JURIS; SUI HERDERES,

Plaintiff,

-against-

EMERY CELLI BRINCKERHOFF ABADYWARD & MAAZEL LLP; and NEW YORK CITY, OFFICE OF THE COMPTROLLER,

Defendants.

-------------------------------------------------------------X

25 **CIVIL** 9658 (JGK)

# **JUDGMENT**

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated July 28, 2026, the Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the defendants' motions to dismiss are granted. Mr. Aristilde' s challenge to the adequacy of the class settlement and the award of attorney's fees to Emery Celli is dismissed with prejudice. Because that claim is an impermissible collateral attack on a final judgment that Mr. Aristilde did not appeal, the defect is substantive and no amendment could cure it. And the claim is without merit in any event. Leave to replead that claim is accordingly denied as futile. Mr. Aristilde's remaining claims against the City and Emery Celli are dismissed with prejudice for failure to comply with Rule 8 and, alternatively, for failure to state a claim under Rule 12(b)(6). Mr. Aristilde has already been given an opportunity to amend his complaint. The second pleading was no more intelligible than the original, and Mr. Aristilde has alleged no factual basis for his claims. Granting Mr. Aristilde leave to amend would therefore be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.

2000). Judgment is entered dismissing the Amended Complaint with prejudice. Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Memorandum Opinion and Order would not be taken in good faith, because such an appeal presents no non-frivolous issue. See Coppedge v. United States, 369 U.S. 438, 445 (1962); accordingly, the case is closed.

**Dated:** New York, New York

July 31, 2026

**TAMMI M. HELLWIG**

**Clerk of Court**

**BY:** K. Mango

**Deputy Clerk**